## LEROY B. FIRMAN

*v.*

## HELEN FIRMAN.

*Filed at Ottawa January 23, 1884.*

1. PRACTICE—*postponing hearing in chancery—of the grounds therefor.* In a suit in chancery pending in the circuit court of Cook county, the defendant's solicitor was notified, on January 31, that the cause would be heard on February 2 following, on which latter day he entered a motion to postpone the hearing five days, to enable him to examine the testimony and papers, and prepare for trial, which was denied. It did not appear from the affidavit in support of the motion that the solicitor was engaged during that time in any other court, and no reason was shown why he could not examine the evidence and be ready between the time of the notice and the time appointed for the hearing, there being nothing complicated in the case: *Held,* that there was no error in overruling the motion.

2. ALIMONY—*of the reasonableness of the amount.* After a decree of divorce in favor of a wife, against her husband, for extreme and repeated cruelty, which gave her the custody of the four children of the marriage, aged, respectively, eight, eleven, fourteen and seventeen years, the court awarded to complainant, as alimony, for the support of herself and children, until the further order of the court, the use of the homestead, valued at about $6000, and the furniture and household goods, valued at about $1500, and in addition thereto $60 per month, or $720 per annum. The proof taken, on reference to the master, was conflicting as to the means and financial ability of the defendant. In addition to the homestead, it appeared he owned three brick buildings, valued at from $6900 to $9937, which were incumbered about $6000, and other real estate of the value of about $800, including land in Missouri, and forty-seven shares in the Chicago Telephone Company, of $100 per share, the market value of which was above par, and $3000 of stock in the Illinois Central Telephone Company, and that he was receiving an annual salary of $2700, and that the rental value per annum of the three brick buildings was about $1000. It also appeared that he owed debts, aside from the incumbrances on his lots, of about $15,000: *Held,* that in view of the defendant's financial condition, the alimony allowed was not unreasonable.

3. SOLICITOR'S FEE—*in suit for divorce.* On a bill for divorce by a wife against her husband, where the ground of divorce charged was cruelty, and two trials were had by a jury, but there was nothing in the case to call for a long and protracted trial, and the evidence as to the value of the solicitor's services was conflicting, the court required the defendant to pay the wife's

solicitor $300 in addition to a sum before paid, making $600 in all, and decreed to the solicitor a tract of land in Missouri worth at least $320, and this court affirmed the decree, except so far as it gave the tract of land, in which respect it was modified.

4. COSTS—*apportionment of costs, when unnecessarily made.* After a defendant in a suit for divorce had withdrawn his answer and allowed a default to be taken against him, only reserving the right to contest the case in respect to alimony, solicitor's and other fees, the complainant made $342.15 costs for master's and reporter's fees. It appeared that much of the evidence had no proper place in the record, and might have been dispensed with. The court below required the defendant to pay all these costs, but this court, on appeal, modified the decree by requiring the defendant to pay only one-half of that amount.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. T. A. MORAN, Judge, presiding.

This was a bill for divorce, filed by Helen Firman on March 25, 1880, against Leroy B. Firman, on the ground of extreme and repeated cruelty, and for the custody of the children of the marriage, and for alimony. The defendant answered, denying the alleged acts of cruelty and other ill-usage. On June 12, 1880, complainant filed a supplemental bill, charging other and various acts of violence and ill-treatment by the defendant, all of which the answer denied, to which answers replications were filed. A trial was had, resulting in a verdict for the defendant. This was set aside, and a new trial granted. In February, 1882, the case was again tried, but the jury failed to agree. On March 22, 1882, the defendant withdrew his answer, when his default was taken, and upon proof in open court the defendant was found guilty as charged, and a decree of divorce granted. The question of solicitor's fees and disbursements, and all questions concerning alimony and the title to property then in complainant or described in any deeds held *in escrow*, were reserved, and the matters referred to the master in chancery

to take evidence on the questions so reserved, to be reported to the court.

The following is a fair statement of the defendant's assets, as shown by testimony taken in his behalf:

| | |
|---|---:|
| Homestead, 330 Walnut street, | $6,500 |
| Three brick houses, | 6,900 |
| Half lot at Austin, | 25 |
| Half of seven lots in Hyde Park, | 500 |
| Missouri land, say from $300 to $800, | 800 |
| Forty-seven shares Chicago telephone stock, | 4,700 |
| Thirty shares Illinois Central stock, | 3,000 |
| Household furniture, | 1,500 |
| Total, | $23,925 |

By the same testimony his liabilities were shown to be as follows:

| | |
|---|---:|
| Incumbrances on three brick houses, | $4,000 |
| "        on same for back interest, | 2,250 |
| Indebtedness to E. B. Chandler & Co. | 4,000 |
| "        to E. B. Chandler, individually, | 500 |
| "        to Knickerbocker & Holdom, | 1,200 |
| "        to Northwestern Nat. Bank, | 1,000 |
| "        to George C. Christian, | 800 |
| Dickinson & Firman debts, | 8,000 |
| Total, | $21,750 |

The summary of defendant's assets, from complainant's testimony, is as follows:

| | |
|---|---:|
| Three brick houses and lots on Walnut street, | $9,937 |
| Stock in Chicago Telephone Company, | 6,100 |
| Stock in Illinois Central Telephone Company, | 3,000 |
| Total, | $19,037 |
| Deduct mortgages on the three houses, | 5,800 |
| Balance, | $13,237 |

The annual income of defendant is as follows:

| | |
|---|---|
| Salary, - - - - - - - - - | $2,700 |
| Rent of three houses, - - . - - - | 1,089 |
| Income on Chicago telephone stock, - - - | 376 |
| Income on Illinois Central telephone stock, - | 240 |
| Total, - - - - - - - | $4,415 |

| | | |
|---|---|---|
| Deduct int. on $4000 loan, · - - - | $240 | |
| Int. on $1800 loan, 7 per cent, - - - | 126 | |
| Taxes on three houses, say, . - - - | 150 | |
| Repairs and insurance, say, - - - - | 100 | |
| | | 616 |
| Balance, - - - - - - | | $3,799 |

It appears that the title to the homestead and the Missouri land was in the complainant, defendant having caused the conveyances thereof to be made to her.

Mr. GEO. C. CHRISTIAN, for the appellant:

The decree is wrong in the allowance of solicitor's fees. The amount was excessive for the work done, and much was done which was wholly unnecessary. *Foss* v. *Foss*, 100 Ill. 581; *Wilson* v. *Wilson*, 102 id. 297; *Ross* v. *Ross*, 78 id. 402; *Dinet* v. *Eigenmann*, 80 id. 274; *Stewartson* v. *Stewartson*, 15 id. 145; *Von Glahn* v. *Von Glahn*, 46 id. 135; *Robbins* v. *Robbins*, 101 id. 417; *Becker* v. *Becker*, 79 id. 532; *Wightman* v. *Wightman*, 45 id. 167; *Andrews* v. *Andrews*, 69 id. 609; *Draper* v. *Draper*, 68 id. 17; *Blake* v. *Blake*, 70 id. 618; *Same case*, 80 id. 523; *Russell* v. *Russell*, 4 Greene, (Iowa,) 26; *Williams* v. *Williams*, 29 Wis. 517.

Mr. D. W. JACKSON, for the appellee:

The material questions (alimony and solicitor's fees) involved various subsidiary matters, such as, first, the resources of the husband; second, the extent of his *delictum;·* third, the necessities of the injured wife; fourth, the rank in life of the

parties; fifth, the number and ages of the children; and sixth, the extent, character and value of the services rendered by the solicitor for the wife.    These were all necessary questions to be considered.    *Bergen* v. *Bergen*, 22 Ill. 187.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a bill for divorce.    No question is raised as to the decree awarding the divorce, but it is claimed by the defendant in the bill that the decree, as respects alimony, solicitor's fees, the master's and reporter's fees, is erroneous.

On the day the cause was set for a hearing, (February 2, 1883,) counsel for defendant entered a motion to postpone the hearing five days, to enable him to examine the testimony and prepare for trial.    This motion the court overruled.    On January 31 defendant's attorney was notified that the cause would be heard February 2, and it does not appear, from the affidavit, that he was engaged during that time in any other court, and no reason is shown why he could not examine the evidence and be ready for trial between the time he received notice and the day the cause was set for a hearing.    There was nothing complicated in regard to the case which required a long time to prepare for a hearing, and so far as appears from the record, the decision of the court upon this point was not unreasonable, and could result in no injury to the defendant.

In the final decree the complainant was awarded the custody of the four children, aged, respectively, seventeen, fourteen, eleven and eight years.    She was decreed the use of the homestead until the further order of the court.    The furniture and household goods were decreed to her as her own separate property, and in addition the defendant was decreed to pay her $60 per month alimony, from February 1, 1883, payable on the fifteenth of each month.    It appears from the testimony, that defendant receives a salary of $2700 per

annum; he receives the rents from three buildings in Chicago, and an income of a certain amount from stocks owned by him. In view of the financial condition of defendant, and his income, we do not regard $720 per annum an excessive allowance for the support of complainant, and for the support and education of the four children. When the children arrive at a suitable age to support themselves, it may then be proper for the circuit court, upon a proper showing, to modify the order and make a reduction of the amount required to be paid, but for the present we do not regard the amount, in view of all the facts and circumstances of the case, too high.

As to complainant's solicitor's fees, previous to the rendition of the final decree $300 had been paid by defendant, and the court decreed the further payment of $300 within four months, and also decreed that one hundred and sixty acres of land in Barton county, Missouri, be devoted to the same purpose. This land belonged to the defendant, but the title was in the name of complainant. She had, however, made a deed to the defendant conveying the land to him, but it was held *in escrow* in the hands of Mr. Black, to be delivered upon certain conditions named in a written agreement entered into between the parties. The evidence is not very clear as to the value of the land, but it seems to be worth at least $320, which would make $920 awarded to the solicitor for complainant by the decree. The testimony in regard to the value of the services of the solicitor for complainant is not harmonious. He called several attorneys, who testified that the services (taking the statement of the solicitor as to the amount of labor to be correct) were worth from $1500 to $2000, while on the other hand, taking as a basis for the services rendered the evidence of the solicitor for defendant, it was proven by a number of witnesses that the services were worth only from $400 to $500. The cause was tried twice before a jury, but there was nothing involved in the case which could make a long and protracted trial. The charge

in the bill was cruel treatment, and so far as is disclosed by the evidence contained in the record, no reason is perceived which would render it necessary to consume more than four or five days on either trial. One of the solicitors for the defendant testified that all the work done by the attorney for complainant, from the preparation of the bill to and including the decree, should not have occupied him exceeding twenty days, "and the average lawyer at the bar could readily have disposed of it in less time." This, at $25 per day, which the evidence tends to show was reasonable for the labor performed in this case, would make the amount $500. Another witness, who had been engaged in all the trials as solicitor for defendant, testified that a lawyer of ordinary ability could have done all the labor in the case, from the filing of the bill down, in fourteen days, which, at $25 per day, (the value of the services for fourteen days,) would make $350. We are not, however, disposed to place as low an estimate upon the services rendered as might be done from this testimony, but we are satisfied, after a careful examination of all the evidence, that the amount allowed by the circuit court was too large. We are disposed to approve the allowance of $300 named in the decree, in addition to the $300 which had previously been paid, but the decree, in so far as it gives the land in Barton county, Missouri, to the solicitor for the complainant, will have to be reversed. In so far as that land is concerned, the decree will be modified, requiring the custodian of the deed to deliver it to defendant. Indeed, we are aware of no authority which would sanction a decree awarding a tract of land to a solicitor for services in a case of this character.

The court also required the defendant to pay $342.15 for master's and reporter's fees. After the second trial of the cause the defendant withdrew his answer, and allowed a default to be entered, but reserved the right to contest the case in so far as alimony, solicitor's fees, and other fees were concerned. The $342.15 objected to by the defendant was all

incurred after the default, and it is obvious, upon an examination of the evidence, that much of it has no proper place in the record, and might have been dispensed with. After default, one or two witnesses, to establish the cruel treatment, were ample to establish that fact. The only other question that could arise was as to the proper amount of alimony to be allowed. This, of course, necessitated an inquiry in regard to the property and income of the defendant. If he, upon examination, failed or refused to give a full and fair statement, then resort might be had to other evidence. But an inquiry of this character could not in reason result in an expending of the amount ordered to be paid. It is true, as a general rule, in chancery cases, the disposition of costs is a matter resting in the sound discretion of the court, and on appeal the discretion of the circuit court will not be reviewed unless that discretion has been abused; but here it is manifest that the discretion of the court was not properly exercised, and we think it should be revised.

The decree will be modified, requiring only one-half of the amount to be paid by the defendant. In all other respects, aside from this modification, and the modification in regard to the land in Barton county, Missouri, heretofore indicated, the decree we regard as correct, and it will be affirmed.

<em>Decree reversed in part and in part affirmed.</em>

Mr. JUSTICE DICKEY: I concur in the reversal of this decree, upon the ground that it was error to take from appellant his land in Missouri. I do not concur in what is said about the length of time occupied in the proceedings, being unreasonable, nor in the modification of the decree as to costs. It does not appear to my mind that appellee was responsible for the length of the proceedings in any greater degree than was appellant. The same may be said as to the amount of the costs. I agree that where the discretion vested in the trial court has palpably been abused, the same may be re-

viewed here. In this case, so far as I can see, there is no such abuse of discretion of that court. Appellant did not specifically object to any of the costs as unnecessary, or call upon the court below to adjudge in regard to the same. I think the cause should be remanded, that these matters be adjusted in the lower court. Without the aid of a master, this court, as I think, is not well adapted to the examination of bills of costs in the lower court.